UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIE KUDSON,<br><br>          Plaintiff,<br>v.<br><br>THE ART INSTITUTE OF<br>CALIFORNIA - SAN DIEGO, et. al.,<br><br>          Defendants. | Civil No. 11cv1380 JAH (POR)<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION TO DISMISS**<br>**[Doc. No. 8]** |

      Pending before the Court is Defendants The Art Institute of California - San Diego and Education Management Corporation's ("Defendants") motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff opposes the motion. After a thorough review of the pleadings and the parties' submissions, and for the reasons set forth below, the Court DENIES Defendants' motion to dismiss.

## BACKGROUND

      On June 21, 2011, Plaintiff Marcie Knudson filed a complaint for injunctive relief and damages for discrimination in violation of Title III of the Americans with Disabilities Act ("ADA"), section 504 of the Rehabilitation Act and California's Unruh Civil Rights Act. Plaintiff names The Art Institute of California - San Diego, Education Corporation and Does 1 through 10 as defendants. Plaintiff alleges she is an individual with progressive visual impairments and Defendants failed to reasonably accommodate and provide her the auxiliary services necessary to ensure her the same opportunities as

students without visual impairments to participate in and benefit from Defendants' for-profit academic program. See Complaint ¶ 1.

On July 20, 2011, Defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Plaintiff filed an opposition and Defendants filed a reply. The matter was set for hearing but was taken under submission without oral argument pursuant to Local Rule 7.1.d.

## DISCUSSION

Defendants seek dismissal of all claims in the complaint on the grounds the Court lacks subject matter jurisdiction because the matter is moot and the complaint fails to state a claim upon which relief may be granted.

**I. Legal Standards**

**A. Rule 12(b)(1)**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 93-94 (1998). When considering a Rule12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. See Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quoting Thornhill Publishing Co. v. General Telephone & Electronic Corp., 594 F.2d 730, 733 (9th Cir. 1979)). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994).

//

**B. 12(b)(6)**

Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion

to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

**II. Analysis**

**A. Mootness**

Defendants argue the ADA and Rehabilitation Act claims should be dismissed as moot because Defendants provided Plaintiff the requested accommodations, the ADA and Rehabilitation Act do not require the shifting of all costs to Defendants, and no further relief is available. Plaintiff argues the complaint is not moot as there exists ongoing disputes between the parties that form a real and substantial controversy.

**1. Requested Accommodations Already Provided**

Defendants maintain the Memorandum of Understanding and the Resolution Agreement[1] provide for the accommodations Plaintiff lists in the complaint. Because Defendants agreed to adopt reasonable accommodations addressing each of Plaintiff's demands there is no need for further injunctive relief under the ADA or Rehabilitation Act.

Plaintiff contends there is a dispute as to whether she was and continues to be denied accommodations, and auxiliary aids and services. She maintains dismissal under Rule 12(b) is improper because the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual

---

[1] Plaintiff refers to the Memorandum of Understanding and the Resolution Agreement in her complaint. See Complaint ¶¶ 10, 11, 15. Defendants attach copies of the documents to their motion to dismiss. The Court may consider the documents without converting the motion to a summary judgment motion because the complaint relies on the documents and their authenticity is not questioned. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Defendants' request for judicial notice of the Resolution Agreement is GRANTED.

issues going to the merits of her claim. Plaintiff further argues voluntary cessation of wrongful conduct rarely moots the need for injunctive relief because the defendant can simply begin the wrongful activity again, and the disputes are capable of repetition because she is required to renegotiate and seek approval for accommodations and auxiliary aids and services each and every quarter.

Plaintiff further argues Defendants' assertion that the Resolution Agreement moots Plaintiff's claims demonstrates a lack of understanding of the Department of Education, Office of Civil Right's ("OCR") investigation process and the legal insignificance of the agreement. She maintains the OCR has no jurisdiction over Plaintiff's ADA Title III or related state claims and the agreement is not enforceable and does not waive Plaintiff's right to seek injunctive relief or damages. Plaintiff further maintains the Memorandum of Understanding has not been in effect since October 2010. She argues that absent a permanent, enforceable order, Defendants might find it convenient at any time to dispense with or inappropriately shift the costs related to accommodations.

In reply, Defendants argue they entered into another agreement, a joint stipulation filed in this action, which further demonstrates they provided Plaintiff the reasonable accommodations, thus mooting her claims. Defendants maintain Plaintiff has yet to participate in the program and she asserts numerous additional facts in her opposition that should not be considered by the Court. They further maintain the fact that a breach of the Resolution Agreement could result in defunding and the subsequent agreement of the parties demonstrates they will provide the reasonable accommodations.

Voluntary cessation of the allegedly wrongful conduct alone is insufficient to moot the need for injunctive relief. See Friends of the Earth, Inc. v. Laidlaw Environmental Svcs., 528 U.S. 167, 189 (2000); FTC v. Affordable Media, 179 F.3d 1228, 1238 (9th Cir. 1999). However, an action may become moot if it is absolutely clear the allegedly wrongful conduct is not reasonably likely to recur. Id. Defendants, as the party asserting mootness, have the "heavy" burden of demonstrating the conduct cannot reasonably be expected to recur. See id.

1    In the complaint, Plaintiff alleges the parties entered into the Memorandum of
2 Understanding setting forth her accommodations for the Fall 2010 quarter but Defendants
3 failed to provide the following accommodations:

4    1.   an in-class assistant to act as her eyes in the class room and to perform tasks
5         such as the reading of labels and equipment controls in her lab work.
6    2.   online tests in an alternative format.
7    3.   JAWS screen reading software.

8 Complaint ¶ 10.  She further alleges Defendants inappropriately characterized certain
9 accommodations, including the use of magnifying glasses/reader software and or assistive
10 devices when working with text and audio books or e-text materials, as optional and placed
11 the burden on Plaintiff to locate, coordinate and pay for the accommodations.  Id. ¶ 11.
12 She also alleges Defendants failed to timely provide a qualified note taker or large print
13 materials for class.  Id. ¶ 12.

14    Pursuant to the Memorandum of Understanding signed by Plaintiff on October 5,
15 2010, Plaintiff was permitted to use the assistance of a note taker/tap recorder in the
16 classroom, would use the assistance of magnifying glasses/reader software and or assistive
17 devices when working with computers and text, and was permitted the assistance of audio
18 books or e-text materials.

19    Pursuant to the Resolution Agreement, Defendant agreed to the following
20 accommodations:

21    1.   access to JAWS assistive technology computer software in the library and
22         computer labs;
23    2.   enlarged print hand outs and course materials provided in advance;
24    3.   accessible test material;
25    4.   a note taker for each class;
26    5.   enlarged print labels on as many ingredients and kitchen supplies as possible
27         and permit Plaintiff to retain a reader for use in the lab-classroom at no
28         charge to Defendant.

      6.      substitution of the hostess position requirement during the "front house" or practicum course requirement.

Contrary to Defendants' arguments, the various agreements do not demonstrate the allegedly wrongful conduct is not reasonably likely to recur. In the Complaint, Plaintiff seeks an order requiring Defendants to provide her with the accommodations, not just access to the accommodations and auxiliary aids. The Memorandum of Understanding merely allows Plaintiff to use a note taker and audio books or e-text materials, and stated she would use the assistance of reader software or assistive devices. It does not require Defendants to provide these accommodations. The Resolution Agreement is not an binding agreement between the parties, as such, the Court is not convinced the agreement sufficiently demonstrates the wrongful conduct will not recur. Finally, the joint stipulation requires Defendants to provide the accommodations "during the pendency of the complaint." Therefore, the stipulation, which is limited in duration, fails to demonstrate the allegedly wrongful conduct will not recur.

**2. Costs of the Accommodations**

Defendants also argue they are not required to bear the costs of the accommodations. Defendants maintain they agreed to bear the costs of some of Plaintiff's accommodations, specifically, the enlarging of the print text of all printed materials, and enlarged print labels on kitchen supplies. They further maintain nothing mandates the costs of the remaining accommodations must be borne by Defendants.

Plaintiff contends there is a dispute as to who is responsible for the costs related to her accommodations, auxiliary aids and services. Plaintiff maintains the Resolution Agreement assigned the costs to Plaintiff but Title III provides that a public accommodation shall furnish appropriate auxiliary aids and services. She contends she is visually impaired and effective communication requires that cooking demonstrations and written and visual material be communicated to her in a manner that she can understand and from which she can benefit to a degree that is equal to that of her able-bodied peers. Plaintiff argues the manner in which Defendants can effectively communicate with

1 Plaintiff is an ongoing and disputed issue of material fact, and the applicable legal
2 authority demonstrates the costs for Plaintiff's requested accommodations, and auxiliary
3 aids and services start with Defendants and remain with Defendants until and unless they
4 can demonstrate the requested accommodations, aids and services constitute an undue
5 burden.

6       Although the Rehabilitation Act does not require attendants or readers for personal
7 use or study, the Act requires an entity receiving federal funds to take "steps as are
8 necessary to ensure that no handicapped student is denied the benefits of, excluded from
9 participation in, or otherwise subjected to discrimination because of the absence of
10 educational auxiliary aids for students with impaired sensory. . . skills" and the auxiliary
11 aids may include "readers in libraries for students with visual impairments, . . .and other
12 similar services and actions." 34 C.F.R. § 104.44. Likewise, the ADA requires a public
13 accommodation to "take those steps necessary to ensure that no individual with a
14 disability is excluded, denied services, segregated or otherwise treated differently than
15 other individuals because of the absence of auxiliary aids and services. . ." 28 C.F.R. §
16 36.303(a). The auxiliary services may include note takers or "qualified readers; taped
17 texts; audio recordings; Brailled materials and displays; screen reader software;
18 magnification software; optical readers; secondary auditory programs (SAP); large print
19 materials; accessible electronic and information technology; or other effective methods of
20 making visually delivered materials available to individuals who are blind or have low
21 vision." 28 C.F.R. §36.303(b)(1), (2). Additionally, a public accommodation must
22 provide "appropriate auxiliary aids and services where necessary to ensure effective
23 communication with individuals with disabilities" and notes the type of aid "will vary in
24 accordance with the method of communication used by the individual; the nature, length,
25 and complexity of the communication involved and the context in which the
26 communication is taking place." 28 C.F.R. § 36.303(c)(1).

27       This Court agrees that the manner in which Defendant communicates with Plaintiff
28 as a visually impaired individual to permit her the equal benefit of observing the cooking

demonstrations, and written and visual material involved in the program is a factual dispute. As such, whether Defendants are required to provide note takers or readers and incur the costs associated with such auxiliary aids cannot be resolved in the motion to dismiss. Accordingly, the claim is not moot and Defendants' motion to dismiss on that basis is DENIED.

**B. Failure to State a Claim**

Defendants argue the complaint fails to state a claim because they provided Plaintiff reasonable accommodations that address all Plaintiff's grievances. Therefore, they argue, the requirements of the ADA, Rehabilitation Act and Unruh Act haveе been met and Plaintiff's complaint is subject to dismissal.

As discussed above, it is not clear Defendants provided Plaintiff reasonable accommodations that address all her claims. Upon considering the record in a light most favorable to Plaintiff, Plaintiff alleges sufficient factual matter to state a claim for relief that is plausible on its face. See Iqbal, 129 S.C. at 1949. Accordingly, the motion to dismiss for failure to state a claim is DENIED.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED Defendants' motion to dismiss is **DENIED**.

DATED: March 26, 2012

_____
JOHN A. HOUSTON
United States District Judge